UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
08-CR-69S-5,12

HASHAUN L. LEEPER and JOSE MARTINEZ,

Defendants.

## I. INTRODUCTION

Presently before this Court are motions to dismiss the Indictment based upon alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and the Sixth Amendment to the United States Constitution filed by Defendants Jose Martinez and Hashaun Leeper. (Docket Nos.184 and 185.) Martinez has also moved to sever himself from his co-defendants. (Docket No. 184.)[1] For the reasons discussed below, the motions to dismiss and Martinez's motion for severance are denied.

## II. BACKGROUND

**A. Facts**

This Court assumes the parties' familiarity with the facts and record of proceedings in this case. Only those facts necessary to resolve the present motions are discussed below.

On March 18, 2008, a federal grand jury returned a 26-count Indictment, naming 11

---

[1] In the same motion, Martinez also moved for Reconsideration of Judge Schroeder's Order of Detention, which this Court denied by way of Decision and Order dated December 17, 2009. (Docket No. 203.)

1

defendants. Although Hashaun Leeper was among the named defendants, Jose Martinez was not. The Indictment charged violations of the federal narcotics laws, including 21 U.S.C. §§ 841(a)(1), 846 and 853(a); and 18 U.S.C. § 2. Following a hearing on March 21, 2008, the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, directed that Hashaun Leeper be detained pending trial. Hashaun Leeper has remained incarcerated.

On June 10, 2008, the Government filed a Superseding Indictment. Therein, the Government added Jose Martinez as a defendant. The Government then moved to detain Martinez. Following a hearing on July 17, 2008, Judge Schroeder directed that Martinez be detained pending trial. Martinez has also remained incarcerated.

On October 15, 2008, Defendant Quentin Leeper filed a motion for discovery and to suppress evidence. (Docket No. 114.) Defendants Raymond Hodnett (Docket No. 123), Ronquike Maisonet (Docket No. 125), Major Anthony Newton (Docket No. 126), and Dion D. Knight (Docket No. 127) joined Quentin Leeper's motion. In addition to joining Quentin Leeper's motion to suppress, Maisonet, Newton, and Knight also filed omnibus motions of their own which were dated November 13, 2008, and joined in all motions of co-defendants. (Docket Nos. 125, 126, 127.) Judge Schroeder took the motions under advisement on December 11, 2008. (Docket No. 133.) Thereafter, on December 22, 2008, Martinez's attorney moved to withdraw. On January 14, 2009, withdrawal was granted, after which Defendant Martinez retained Attorney Parrinello.

On January 13, 2009, Judge Schroeder issued an Order of Continuance extending the time to decide the motions by 30 days, or from January 10, 2009 until February 9, 2009. (Docket No. 139.) Citing the complexity of the motions, Judge Schroeder excluded

time pursuant to 18 U.S.C. § 3161(h)(8)(A), after finding that the interests of justice in issuing a continuance overrides the defendants' and the public's interest in a speedy trial. (Docket No. 139.) The Order stated, "if for any reason counsel believes that an exclusion is inappropriate, an objection may be raised and a record made of the objection." (Docket No. 139.) No defendant objected.

Judge Schroeder issued seven additional Orders of Continuance before issuing his Report, Recommendation and Order, all of which were identically worded to the Order filed on January 13, 2009. (Docket Nos. 144, 150, 151, 155, 157, 158, 159.) Again, no defendant objected to these continuances.

On August 12, 2009, Judge Schroeder issued a Report, Recommendation and Order with respect to Quentin Leeper's and Major Anthony Newton's motions to suppress. (Docket No. 160.) And on September 3, 2009, Judge Schroeder issued five separate Decisions and Orders addressing the omnibus motions of Maisonet, Knight, Newton, and Leeper and the Motion for Joinder by Raymond Hodnett. (Docket Nos. 163, 164, 165, 166 and 167.)

By Order dated September 15, 2009, this Court adopted Judge Schroeder's Report, Recommendation and Order (Docket No. 160), and scheduled a status conference for September 25, 2009. (Docket No. 168.)

The parties appeared at the status conference on September 25, 2009. Prior to adjourning, this Court scheduled another status for October 2, 2009. This Court then excluded the time pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(1)(D), over the objection of Hashaun Leeper.

At the status conference, this Court scheduled trial for January 5, 2010, and on

December 2, 2009, Defendants Jose Martinez and Hashaun Leeper filed their motions to dismiss based upon speedy trial violations. Defendant Martinez's motion also included a motion to sever (Docket No. 184.)

## III. DISCUSSION

**A.     Defendants' Speedy Trial Act Claims**

In their motions to dismiss, both Leeper and Martinez challenge Judge Schroeder's seven exclusions of time as unwarranted and unreasonable.[2] Specifically, they argue that the motions were not complex and, therefore, should not have tolled the speedy trial clock. Both defendants argue that, because Judge Schroeder exceeded his 30 day allotment to decide the motions after taking them under advisement, and more than 70 days elapsed in total, their speedy trial rights have been violated.

### *1.     Severance Requirement*

In cases involving multiple defendants, time is excluded under 18 U.S.C. § 3161(h)(6) for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Interpreting this provision, the Second Circuit has held that in multi-defendant cases, there is a "single speedy trial clock and that delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants." United States v. Byrd, 466 F. Supp. 2d 550, 551-52 (S.D.N.Y. 2006) (citing United States v. Pena, 793 F.2d 486, 489 (2d Cir. 1986)).

---

[2] References to "Leeper" throughout the remainder of this Court's Decision and Order pertain to the movant, Hashaun Leeper.

However, in order to invoke the reasonableness requirement under subsection (h)(6), a defendant must first move for severance from the co-defendants allegedly responsible for the delay at issue. See United States v. Cephas, 937 F.2d 816, 822 (2d Cir. 1991) ("the duty to inquire into whether a delay caused by a co-defendant is reasonable is triggered only when the defendant has sought severance from the particular defendant who is responsible for the delay at issue").

In this case, although Leeper and Martinez argue that Judge Schroeder caused the delay, such delay was prompted by their co-defendants' motions. This Court, therefore, must determine whether the delay was unreasonable under section 3161(h)(6).

But, only Martinez, may argue that the delay was unreasonable because he has moved to sever himself from his co-defendants. Leeper, who has never moved for severance, is barred from arguing that the delay was unreasonable.

Anticipating this procedural bar, Leeper argues that "the provisions regarding severance [] are inapplicable in the instant case as the delay was solely attributable to the Magistrate Judge." (Docket No. 185, ¶ 14.) While the delay may be attributable to Judge Schroeder, it was prompted by Leeper's co-defendants' motions, and therefore, the exclusion at section 3161(h)(6) applies to exclude the time as to Leeper also.

But even assuming *arguendo* that Leeper is not subject to the severance requirement, his argument, as well as Martinez's argument, that his rights under the Speedy Trial Act have been violated would still fail for the reasons discussed below.

### 2. *Speedy Trial Act*

The Speedy Trial Act requires the government to bring criminal defendants to trial within 70 days of their first appearance before a judicial officer or the filing of an indictment,

whichever is later. United States v. Oberoi, 295 F. Supp. 2d 286, 289 (W.D.N.Y. 2003) (Arcara, J.), *aff'd*, 547 F.3d 436 (2d Cir. 2008). The statute, however, excludes certain periods of delay from the Speedy Trial clock. Specifically, 18 U.S.C. § 3161(h)(1)(H) excludes "[a]ny period of . . . delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." Id.

If, however, a court cannot decide a pending motion within the 30-day requirement provided in section 3161(h)(1)(J), "it is always open to [the court] to find that the interest of justice is best served by granting a continuance under s[ection] 3161(h)(7)." United States v. Buffalino, 683 F.2d 639, 645 (2d Cir. 1982). Congress created subsection (h)(7) to "provide courts with the discretion to deal effectively with individual cases." United States v. Tunnessen, 763 F.2d 74, 76 (2d Cir. 1985).

Although it sought to insure flexibility, Congress intended that this exclusion be "rarely used." Tunnessen, 763 F.2d at 76. Moreover, section 3161(h)(7) does "not permit unlimited delays, and the trial court has the responsibility to ensure that the length of an excludable continuance is reasonably related to the needs of the case." United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197 (2d Cir. 1989).

When this section is used, however, there are two important requirements. First, courts must "se[t] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice . . . outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)A). Second, the Court must explain its reasons for applying the ends-of-justice continuance, "at the time [the court] grants the continuance." Tunnessen, 763 F.2d at 68.

6

Courts in this district have upheld the authority of a Magistrate Judge to issue consecutive, *sua sponte* ends-of-justice continuances based upon the Magistrate Judge's determination that the motions were complex and required time beyond 30 days. See, e.g., United States v. Cain, 05-CR-231, 2007 WL 119292, at *3-4 (W.D.N.Y. Jan. 10, 2007) (rejecting defendant's challenge to Magistrate Judge's four consecutive *sua sponte* ends-of-justice continuances); United States v. Pike, 01-CR-129, 2006 WL 3524481, at *3 (W.D.N.Y. Dec. 6, 2006) (five consecutive *sua sponte* ends-of-justice continuances).

With these principles in mind, this Court finds that Martinez's and Leeper's motions to dismiss must be denied. First, Judge Schroeder detailed his reasons for issuing the continuances at the time he granted them. Tunnessen, 763 F.2d at 68. Second, Cain and Pike have rejected similar challenges to a Magistrate Judge's ends-of-justice continuances. Third, neither Leeper nor Martinez objected to Judge Schroeder's continuances at the time those continuances were issued, despite each of the Orders specifically affording them the opportunity to do so.[3] See, e.g., Cain, 2007 WL 119292, at *4 ("any objection to the Magistrate Judge's complexity determination should have been raised shortly after that determination was made"); Pike, 2006 WL 3524481, at *4 ("neither Pike nor any of his codefendants raised any objection to [the Magistrate's] determination of complexity at the time that the determination was initially made. Pike waited three years, until the eve of trial, before raising any objection to the Magistrate Judge's determination of complexity"). Now, less than one month before trial, and for the first time in this case, Leeper and Martinez

---

[3] Although Martinez retained a number of different attorneys throughout this case, his current attorney, John Parinello, Esq., filed a notice of appearance on January 16, 2009. (Docket No. 142.) Because this date preceded the majority of the challenged continuances in this case, Parinello had numerous opportunities to object but did not.

have asserted their Speedy Trial rights. Because this Court adopts the reasoning in both the Cain and Pike decisions, it rejects Defendants' speedy trial claims.

. . .

In light of the foregoing, Leeper's and Martinez's Motions to Dismiss based upon violations of the Speedy Trial Act are denied.

**B.     Defendant's Sixth Amendment Speedy Trial Claims**

Hashaun Leeper has also moved to dismiss the Indictment on the grounds that his Sixth Amendment speedy trial rights have been violated. (Docket No. 185, ¶ 2.)

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ." U.S. Const. amend VI. "Although unusual, it is possible for a delay that does not violate the [Speedy Trial Act] to run afoul of the Sixth Amendment's guarantee of a speedy trial." United States v. Stone, No. 05-CR-401, 2006 WL 436012, at *6 (E.D.N.Y. Feb 22, 2006).

To determine whether there has been a constitutional speedy trial violation, courts look at four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. United States v. Jones, 129 F.3d 718, 724 (2d Cir. 1997) (citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972)). The four factors must be weighed together; no one factor is dispositive. Barker, 407 U.S. at 533.

Application of the first Barker factor weighs in Leeper's favor. The length of delay between his arraignment on March 19, 2008, and trial, which is presently scheduled for

8

January 5, 2010, will have spanned approximately 22 months. The Second Circuit has held that any delay in excess of eight months constitutes presumptive prejudice. United States v. Vassell, 970 F.2d 1162, 1164 (2d Cir. 1992). However, "such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria." Doggett v. United States, 505 U.S. 647, 656, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).

With respect to the second Barker factor, Leeper argues that Judge Schroeder was responsible for the delay at issue. Leeper maintains that "there was no need for Judge Schroeder to continuously delay decision, given that the substance of his Report and Recommendation is only twelve pages in length and, a fair portion of which simply quotes another decision." (Docket No. 185, ¶ 15.)

Although it took Judge Schroeder approximately eight months to decide the motions that were the subject of the Report, Recommendation and Order dated August 12, 2009, Judge Schroeder repeatedly cited the motions' complexities as the reason for the delay, a finding never once challenged by any defendant until now. Then, by Report, Recommendation and Order, Judge Schroeder ruled upon the two motions to suppress. Thereafter, by way of five separate Decisions and Orders, Judge Schroeder ruled on the remaining omnibus motions and motions for joinder. In light of the fact that Judge Schroeder issued six different decisions, wherein he addressed numerous forms of requested relief, there is no cause to disturb Judge Schroeder's findings that the motions were complex.

Additionally, while Judge Schroeder had the previously-discussed motions under advisement, additional motions were filed. Specifically, Dion Knight moved to modify his

conditions of release (Docket No. 145), and Koran Donell Leeper moved for release from custody (Docket No. 152). In addition to entertaining oral argument on Knight's motion, Judge Schroeder issued two Orders addressing these motions during the challenged time period.

Lastly, with respect to this factor, there is no evidence of bad faith or delay. See Parilla v. Goord, 02-CV-5443, 2005 WL 1422132, at *7 (S.D.N.Y. Jun. 20, 2005) ("When there is no evidence that the [Government] delayed the trial in bad faith, or to disadvantage the defendant, the second Barker factor does not weigh in the defendant's favor"). Thus, this Court finds that the second Barker factor does not weigh in Leeper's favor.

With respect to the third Barker factor, it strongly weighs against Leeper. For instance, Leeper waited approximately 20 months after Indictment, or until the September 25, 2009 status conference, to first raise the issue of his speedy trial rights at all by objecting to this Court's exclusion. Moreover, the instant motion dated December 2, 2009, or approximately 22 months after Indictment, and on the eve of trial, represents the first time Leeper objected to Judge Schroeder's continuances, despite the opportunity in each of Judge Schroeder's Orders to place any objections on the record. See, e.g., United States v. Vasquez, 918 F.2d 329, 338 (2d Cir. 1990) (third factor "weighs heavily" against defendants where they "waited roughly 22 months before advancing their speedy trial claims and this hardly renders plausible their contention that an expeditious resolution of their cases was a matter of pressing constitutional importance for them"); United States v. McGrath, 622 F.2d 36, 41 (2d Cir. 1980) (finding that the third [Barker] factor "weigh[ed] against [defendants who] waited until immediately before trial to file their motion to dismiss on speedy trial grounds").

Lastly, this Court finds that the fourth Barker factor weighs against Leeper. Barker identified three examples of prejudice: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the defense will be impaired by dimming memory or loss of exculpatory evidence or favorable witnesses. Barker, 407 U.S. at 532. "Of these, the most serious is the last, because the inability of a defendant to adequately prepare his case skews the fairness of the entire system." Barker, 407 U.S. at 532.

Here, Leeper points to no specific prejudice. See, e.g., Rayborn v. Scully, 858 F.2d 84, 94 (2d Cir. 1988) (holding that although a showing of prejudice is not a prerequisite to finding a sixth amendment violation, "courts generally have been reluctant to find a [constitutional] speedy trial violation in the absence of genuine prejudice"); McGrath, 622 F.2d at 41 (holding that "absent specific assertions of such prejudice, it cannot tip the balance here"). For instance, Leeper does not claim that his defense was prejudiced by the death or unavailability of any witnesses. Nor does he allege that the time in which it took Judge Schroeder to decide the numerous motions caused him anxiety or concern. And Leeper has not identified anything unduly oppressive about his pretrial incarceration other than the fact that he has been incarcerated since March 21, 2008, or for approximately 22 months. This amount of time, without more, cannot satisfy the fourth Barker factor. See, e.g., Vasquez, 918 F.2d at 338 (holding 26 months incarceration acceptable); United States v. Paul, 326 F. Supp. 2d 382, 388-89 (E.D.N.Y. 2004) ("While a lengthy period of incarceration is relevant to the Sixth Amendment prejudice analysis, it is not dispositive").

. . .

Thus, balancing the four Barker factors, this Court finds that Leeper's Sixth

Amendment speedy trial rights have not been violated and his motion to dismiss on these grounds is denied.

**C.      Martinez's Motion for Severance**

Martinez has also moved for severance "from the rest of the defendants." (Docket No. 184, ¶ 49.) Martinez argues that he will be prejudiced by a joint trial.

"A district court should grant a severance under Rule 14 [of the Federal Rules of Criminal Procedure] only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt or innocence." United States v. Yousef, 327 F.3d 56, 150 (2d Cir. 2003).

There is, however, a strong public policy in favor of joint trials. United States v. Cardascia, 951 F.2d 474, 482 (2d Cir. 1991). "Moreover, the presumption in favor of a joint trial is especially compelling where [] the crime involves a 'common scheme or plan.'" United States v. Pirro, 76 F. Supp. 2d 478, 483 (S.D.N.Y. 1999) (citing United States v. Girard, 601 F.2d 69, 72 (2d Cir. 1979)). And the public interest becomes even stronger where the defendants are charged in the same conspiracy. Pirro, 76 F. Supp. 2d at 483 (citing cases). Under such circumstances, a joint trial is proper, absent a clear showing of prejudice. Girard, 601 F.2d at 72.

In this case, there is an especially compelling public interest in favor of a joint trial. For instance, this case involves a common scheme or plan. Additionally, in Count 1 of the Superseding Indictment, all defendants, including Martinez, are charged in the same conspiracy. Martinez's conclusory argument that a joint trial "will unquestionably result in

12

a prejudicial spillover" is insufficient to outweigh this strong public interest in trying all defendants together. (Docket No. 184, ¶ 49.) Thus, Martinez has not identified any particularized prejudice or trial right that is infringed by a joint trial.

. . .

For these reasons, Martinez's motion for severance is denied.

## IV. CONCLUSION

For the reasons stated above, the motions to dismiss the Indictment based upon alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and the Sixth Amendment to the United States Constitution filed by Defendants Jose Martinez and Hashaun Leeper are denied. Further, Martinez's motion for severance is also denied.

## V. ORDERS

IT IS HEREBY ORDERED, that Jose Martinez's Motion to Dismiss the Indictment for Violation of the Speedy Trial Act (Docket No. 184) is DENIED.

FURTHER, that Jose Martinez's Motion for Severance (Docket No. 184) is DENIED.

FURTHER, that Hashaun Leeper's Motion to Dismiss the Indictment for Violations of the Speedy Trial Act and the Sixth Amendment (Docket No. 185) is DENIED.

Dated: December 22, 2009
      Buffalo, NY

                                              /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge